*Hearing: 3/30/11 at 9:00 a.m.*
*Location: Portland*
*Objection Deadline: 3/16/11*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

In re:

**WILLIAM S. MORALES,**
**TAMMY MORALES**

Debtors

Chapter 13
Case No.10-20659

## ORDER ALLOWING AND DISALLOWING CLAIMS

This matter came before the Court on the motion filed by the Debtors (hereafter, the "Debtors").  After notice and hearing or opportunity for hearing, and for good cause shown, it is hereby ORDERED:

**I.  ALLOWANCE OF CLAIMS**.  The following claims are allowed pursuant to 11 U.S.C. § 502 as follows.

   **A.  Administrative Expense Claims**.  The trustee's fees as provided by 28 U.S.C. § 586 shall be paid concurrently with distribution on other claims.  Other administrative expense claims are allowed as follows, and the confirmed plan is modified only as necessary to provide for such claims.

   1. Trustee statutory fee (calculated at 10% of plan total):        $540.00

   2. Total Debtor's attorney fees and expenses allowed to date through plan:    $0.00

   3. Administrative expense reserve:                                $500.00*

   4. Other:                                                          n/a

*\*Subject to allowance by the Court after Application, any unpaid post-petition legal services or reimbursement for costs shall be paid through the plan from the administrative reserve; from regular, additional, or extended plan payments; pr as otherwise provided by further Order of the Court or applicable laws.*

   **B.  Secured Claims Paid Directly By Debtor or Third Parties**.  The following secured claims shall be paid directly by the Debtor or a third party pursuant to the existing contract(s).  The lien securing each such claim shall not be impaired.  Each claim to be paid by the Debtor shall not be discharged pursuant to 11 U.S.C. § 1328 unless (i) the Debtor surrenders the collateral during the term of the plan, (ii) the Court orders the return of the collateral to the creditor, or (iii) the Court grants relief from the automatic stay authorizing the creditor to enforce its state-law interests against the collateral.  If any portion of such secured claim has been or shall be paid by the trustee (e.g., to cure prepetition arrears), then such portion is allowed elsewhere in this order.

| Creditor | Collateral | Details |
|---|---|---|
| Americas Servicing Company | Residence | $1137.11 due February 1, 2011, and continuing |

Order Allowing & Disallowing Claims and Modifying Plan
Page 1.

| Creditor | Collateral | Details |
|---|---|---|
| JP Morgan Chase Bank | Automobile | $441.42 due February 1, 2011 and continuing |

**C.  Secured Claims Paid By Trustee From Debtor's Funds.**  The following secured claims are hereby allowed and have been or shall be paid by the trustee from funds paid by the Debtor. Treatment of such claims is set forth in the confirmed plan, which is hereby modified only as necessary to provide for payment by the trustee as set forth below for each secured creditor.

| Claim # | Creditor | Collateral | Allowed Claim or Arrears | Interest (Rate & Dollar Amount) | Payment Schedule |
|---|---|---|---|---|---|
| | | | | | |

**D.  Cure of Executory Contracts and Unexpired Leases.**  Monetary defaults on the following executory contracts and unexpired leases will be cured as follows by payments by the trustee from funds paid by the Debtor.  The confirmed plan is modified only as necessary to provide for payment by the trustee as set forth below to cure each executory contract and/or unexpired lease.

| Claim # | Creditor / Lessor | Property | Allowed Arrears | Interest (Rate & Dollar Amount) | Payment Schedule |
|---|---|---|---|---|---|
| | | | | | |

**E.  Priority Claims.**  The following priority unsecured claims shall be paid as follows by the trustee from funds paid by the Debtor.  Treatment of such claims is set forth in the confirmed plan, which is hereby modified only as necessary to provide for payment by the trustee as set forth below for each priority creditor.

| Claim # | Priority Creditor | Description of Claim | Allowed Claim |
|---|---|---|---|
| | | | |
| | | | |

**F.  General Unsecured Claims.**  The following unsecured claims not entitled to priority status are hereby allowed.  Treatment of such claims, including provisions for Small Claims and other classes of general unsecured claims, is set forth in the confirmed plan, which is hereby modified as set forth below.  The trustee shall pay such claims accordingly.

Special Classes:  None.

The sum of at least $4360.6o shall be available for payment to allowed Class One and Class Two (Small) Claims, plus any unused portion of the administrative expense reserve.

| Claim # | General Unsecured Creditor | Allowed Claim | Minimum Dividend |
|---|---|---|---|
| 1 | Department Store National Bank | $760.76 | TBD |
| 2 | Central Maine Power Company | $242.81 | TBD |
| 3 | eCAST Settlement Corporation | $5782.43 | TBD |
| 4 | America's Servicing Company | $31,766.14 | TBD |

| Claim # | General Unsecured Creditor | Allowed Claim | Minimum Dividend |
|---------|---------------------------|---------------|------------------|
| 5 | Navy Federal Credit Corporation | $4340.13 | TBD |
| 6 | American Express Bank | $4842.45 | TBD |
| 7 | Candica, L.L.C. | $5172.01 | TBD |
| 8 | Candica, L.L.C. | $11826.25 | TBD |

**II.  RESOLUTION OF OBJECTIONS TO CLAIMS.**  The Debtor's objections to claims, if any, are resolved as follows:

| Claim # | Creditor | Disposition |
|---------|----------|-------------|
| 4 | America's Servicing Company | Allowed as unsecured Class One Claim per Confirmed Plan |
| | | |

**III. SUMMARY.**

| | |
|---|---|
| A.  Total to be paid to trustee (not including excess tax refunds) | $ 5,400.000 |
| B.  Trustee's fees | $ 540.00 |
| C.  Secured claims including interest | N/A |
| D.  Administrative Reserve | $500.00 |
| E.  Total Minimum Dividend distributed to unsecured Creditors | $4,360.00 |
| F.  Total Distributions | $5,400.00 |

**V.  OTHER.**

Pursuant to the Confirmed Plan, the following direct debtors' monthly payments to the following creditors shall continue:

    1)    The first mortgage to America's Servicing Company (long term debt);
    2)    Ongoing Automobile payments to J.P. Morgan Chase ("910" debt and long term debt);
    3)    Lease payments to Xclusive, LLC on assumed lease; and
    4)    Student loan payments to Educational Financial Services in the amount of $59.84 (long term debt)

Date: _March 22, 2011_____        /s/ James B. Haines, Jr._____
                                   Judge, United States Bankruptcy Court
                                   District of Maine